883 F.2d 1027
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
TRI-AD CONSTRUCTORS, Appellant,
v.
The UNITED STATES, Appellee.
 No. 89-1239.
 United States Court of Appeals, Federal Circuit.
 July 19, 1989.
Rehearing Denied Sept. 28, 1989.
 
 Before NIES, BISSELL and MICHEL, Circuit Judges.
 BISSELL, Circuit Judge.
 
 DECISION
 
 1
 Tri-Ad Constructors (Tri-Ad) appeals the decision of the Armed Services Board of Contract Appeals (Board), ASBCA No. 34732, 89-1 BCA p 21,250 (1988), denying Tri-Ad's appeal and holding, inter alia, that the "differing site conditions" clause did not entitle Tri-Ad to recover for additional work. We reverse.
 
 OPINION
 
 2
 All of the government's estimates support Tri-Ad's contention that the contract drawings indicate that only 31,000 linear feet of cable would be needed. The job actually required 38,076 linear feet. This difference of 7,076 linear feet constitutes a 22 1/2% increase over that arrived at by scaling the drawings. The government submitted no evidence disputing these facts.
 
 
 3
 The purpose of a "differing site conditions" clause is to prevent the contractor from bidding on a worst-case scenario and adding a contingency factor to the bid. See Foster Constr. C.A. v. United States, 435 F.2d 873, 887 (Ct.Cl.1970). Tri-Ad reasonably relied upon the indication of subsurface conditions in the contract and those conditions materially differed from the ones actually encountered. See P.J. Maffei Bldg. Wrecking Corp. v. United States, 732 F.2d 913, 916 (Fed.Cir.1984) (explaining that in order to recover under a differing site conditions clause, the contract documents " 'must be reasonably plain or [indicate positively] that such subsurface conditions would be otherwise than actually found in contract performance' " (citation omitted)). Accordingly, the Board's decision is not supported by substantial evidence and must be reversed. See 41 U.S.C. Sec. 609(b) (1982).